**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas D. MCCAFFREY, | ) | No. CV-04-0701-PHX-SMM |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| John SNOW, SECRETARY OF THE TREASURY, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff's Motion to File Second Amended Complaint [Doc. No. 23], filed on May 3rd, 2006. Defendants' opposed Plaintiff's motion and simultaneously filed a Motion for Protective Order [Doc. No. 27]. The Court will grant both motions for the reasons provided below.

**I. Plaintiff's Motion to File Second Amended Complaint**

Plaintiff moves for leave to file a Second Amended Complaint, which will add four paragraphs to the Amended Complaint. The requested additions relate to allegedly retaliatory events occurring after the filing of the initial Complaint. Defendant opposes Plaintiff's motion with respect to proposed paragraph 27, arguing that the amendment would be futile because Plaintiff failed to timely exhaust his administrative remedies. The parties also dispute whether the standards of Rule 15 or Rule 16 control the present inquiry.

Rule 15 of the Federal Rules of Civil Procedure controls the present inquiry because the Court did not set a deadline for amendments to the pleadings in the March 3, 2005 Scheduling Order. Had the Court limited the time to amend the pleadings in the Scheduling

1  Order, then Plaintiff would be required to show good cause for amending the Complaint
2  under Rule 16(b). Fed. R. Civ. P. However, Plaintiff is not seeking to modify the scheduling
3  order since there is no date to modify. Thus, Rule 15 controls the present inquiry.

4       Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed.
5  R. Civ. P. While leave to amend is not automatic, it will generally be granted unless the
6  opposing party makes a showing of "undue delay, bad faith or dilatory motive on the part of
7  the movant, repeated failure to cure deficiencies by amendments previously allowed, undue
8  prejudice to the opposing party by virtue of allowance of the amendment or futility of
9  amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

10      Defendant argues that the proposed amendment would be futile because Plaintiff
11 failed to exhaust his administrative remedies with regard to the alleged retaliatory assignment
12 of Treasury Enforcement Communications System (TECS) database records. Specifically,
13 Defendant claims that Plaintiff knew or should have known of the alleged retaliatory
14 assignment of TECS records in May of 2001 and that he has failed to file a timely claim of
15 unlawful retaliation and/or exhaust his administrative remedies.

16      The Court finds that the proposed amendment is not futile because Plaintiff has
17 provided sufficient evidence to support the claim that he was unaware of the alleged
18 retaliatory assignment of TECS records until January 14, 2005. (Dkt. 31 at Exhibit A)
19 Plaintiff has also provided sufficient evidence to demonstrate that he has timely filed charges
20 of retaliation and has exhausted his administrative remedies. (Dkt. 31 at Exhibit A)
21 Therefore, in light of the evidence proffered by Plaintiff, the Court finds that the proposed
22 amendment is not futile and that justice requires granting Plaintiff leave to file a Second
23 Amended Complaint.

24 **II. Defendant's Motion for Protective Order**

25      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendant has moved
26 for a Protective Order to preclude a second deposition of fact witness Kathy Sinclair.
27 Defendant has not, however, filed the certification necessary under LRCiv 7.2(j) of the Rules
28 of Practice of the United States District Court for the District of Arizona, effective December

1, 2005 ("Local Rules").  LRCiv 7.2(j) states "no discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter." Defendant did not accompany his motion for a protective order with the required certification; however, Plaintiff's counsel has certified that the parties conferred telephonically prior to requesting the Court to intervene. Therefore, in the interest of judicial economy, the Court will consider Defendant's motion.  Both parties are hereby warned that the Court will not consider any future motions that fail to comply with the established Federal and Local Rules.

For good cause shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).  "Good cause" requires the moving party to make a clear showing of a particular and specific need for the order. See Blankenship v. Hearst Corp. 519 F.2d 418, 429 (1975).  Here, Defendant argues that Plaintiff has no legitimate reason to subject Ms. Sinclair to a second deposition and that another deposition will only serve to intimidate a fact witness in this litigation. (Dkt 27 at 7-8) Ms. Sinclair has formally accused Plaintiff of intimidation and harassment in the workplace for his actions occurring the day after she was deposed. (Dkt. at 6)  In response to Ms. Sinclair's allegations, a verbal cease and desist order was issued against Plaintiff, barring him from any contact with Ms. Sinclair. Plaintiff contends that a second deposition will lead to relevant evidence of retaliation and is therefore necessary. (Dkt. at Exhibit B)

The Court finds that Defendant has successfully identified a particular and specific need for issuing the protective order.  Defendant's need to protect Ms. Sinclair and her right to pursue a claim for workplace harassment supplies the Court with good cause to issue a protective order.

**III. Conclusion**

Accordingly, for the reasons set forth above,

- 3 -

1   **IT IS HEREBY ORDERED** that Plaintiff's Motion to File Second Amended
2   Complaint [Doc. No. 23] is GRANTED.

3   **IT IS FURTHER ORDERED** that Plaintiff is directed to file with the Court a signed
4   Second Amended Complaint, pursuant to Rule 11 of the Federal Rules of Civil Procedure
5   and LRCiv 7.1(b)(1) of the Rules of Practice of the United States District Court for the
6   District of Arizona.

7   **IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order [Doc.
8   No. 27] is GRANTED. Plaintiff shall not conduct a second deposition of Ms. Sinclair.

9   DATED this 5th day of October, 2006.

Stephen M. McNamee
United States District Judge